UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOSEPH FRANCO,

                                                 Plaintiff,

-against-

CITY OF NEW YORK, OSMAN HERRERA, individually, PATRICK MORAN, individually, GIOVANNI IANIELLO, individually, CHRISTOPHER VOLPE, individually, ANTHONY DINOME, individually, and TERESA NEAL, individually,

                                                 Defendants.

------------------------------------------------------------------------x

**ANSWER**

19-Civ.-05905 (AMD)(CLP)

        Defendant CITY OF NEW YORK, by its attorney, JAMES E. JOHNSON, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

6.      Deny the allegations set forth in paragraph "6" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

8.      Deny the allegations set forth in paragraph "8" of the Complaint except admit that Plaintiff purports to proceed as stated therein.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff self-identifies as male.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation existing under the laws of New York State and respectfully refer the Court to the New York City Charter for a complete and accurate description of the organization of the City.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the City of New York is a municipal corporation existing under the laws of New York State and respectfully refer the Court to the New York City Charter for a complete and accurate description of the organization of the City and its Mayoral agencies.

12.     Deny the allegations set forth in paragraph "12" of the Complaint except admit that the New York City Department of Sanitation's (DSNY) Central Repair Shop maintains a body shop at 52-35 58th Street, Woodside, NY 11377.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Osman Herrera is a metal work mechanic employed by the City of New York and assigned to the body shop at DSNY's Central Repair Shop.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Patrick Moran is employed as a Supervisor of Ironwork by the City of New York and assigned to the body shop at DSNY's Central Repair Shop.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Giovanni Ianniello is employed as a Deputy Director of Support Services by the City of New York at the DSNY.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Christopher Volpe is employed as a Deputy Director, Central Repair Shop Operations by the City of New York and assigned to DSNY's Central Repair Shop.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Anthony Dinome is a metal work mechanic employed by the City of New York assigned to the body shop at DSNY's Central Repair Shop.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Teresa Neal was employed as a Director by the City of New York assigned to DSNY's Office of Equity, Diversity, and Inclusion until she retired effective December 31, 2019.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff began employment by City of New York as a Metal Work Mechanic on March 21, 2016.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Admit that Herrera never engaged in sexual touching of any coworkers as set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit that Plaintiff filed a complaint with DSNY's Office of Equity, Diversity, and Inclusion on July 29, 2018.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what McCaffrey stated.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what McCaffrey claimed.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except knowledge or information sufficient to form a belief as to the truth of what McCaffrey announced.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that overtime assignments have been issued to metal work mechanics assigned to DSNY's Central Repair Shop body shop.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that overtime was curtailed for all employees assigned to DSNY's Support Services, including metal work mechanics assigned to DSNY's Central Repair Shop body shop, due to budgetary constraints.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Mr. Moran would ask all metal work mechanics for a doctor's note for any sick time used by while assigned to DSNY's Central Repair Shop body shop.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except deny knowledge or information sufficient to form a belief as to what Mr. Diop mentioned.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. In response to paragraph "86" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

91. In response to paragraph "91" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

[THERE ARE NO PARAGRAPHS 95-98 OF THE COMPLAINT]

99. In response to paragraph "99" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

100. Deny the allegations set forth in paragraph "100" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

103. In response to paragraph "103" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

104. Deny the allegations set forth in paragraph "104" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. In response to paragraph "106" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. In response to paragraph "109" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. In response to paragraph "112" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

113. Deny the allegations set forth in paragraph "113" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. In response to paragraph "115" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

116. Deny the allegations set forth in paragraph "116" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. In response to paragraph "118" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

119. Deny the allegations set forth in paragraph "119" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. In response to paragraph "121" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

122. Deny the allegations set forth in paragraph "122" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. In response to paragraph "124" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

127. Deny the allegations set forth in paragraph "127" of the Complaint

128. In response to paragraph "128" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. In response to paragraph "132" of the Complaint, Defendant repeats and re-alleges each of its responses to each of the preceding paragraphs as if fully set forth herein.

133. Deny the allegations set forth in paragraph "133" of the Complaint

134. Deny the allegations set forth in paragraph "134" of the Complaint

135. Deny the allegations set forth in paragraph "135" of the Complaint

136. Deny the allegations set forth in paragraph "136" of the Complaint

137. Deny the allegations set forth in paragraph "137" of the Complaint

### **AS AND FOR A FIRST DEFENSE**

138. The Complaint fails to state any claim upon which relief may be granted.

### **AS AND FOR A SECOND DEFENSE**

139. At all times relevant to the matters alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith and without malice, and in conformity with all applicable laws, rules, and regulations, and Defendant has not violated

any rights, privileges, or immunities of Plaintiff under the Constitution or law of the United States, the State of New York, the City of New York, or any political subdivisions thereof.

## AS AND FOR A THIRD DEFENSE

140. Any injuries alleged in the Complaint were caused in whole or in part by Plaintiff's culpable conduct or negligent conduct and failure to mitigate.

## AS AND FOR A FOURTH DEFENSE

141. Defendant City of New York is not liable for punitive damages.

## AS AND FOR A FIFTH DEFENSE

142. Any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons. The actions taken would be taken regardless of any alleged protected activity.

## AS AND FOR A SIXTH DEFENSE

143. Defendant exercised reasonable care to prevent and promptly eliminate any harassing behavior.

## AS AND FOR A SEVETH DEFENSE

144. Defendant is not liable under the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107, et seq., where conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences. See Williams v. New York City Hous. Auth., 61 A.D.3d 62, 872 N.Y.S.2d 27 (1st Dep't 2009).

## AS AND FOR AN EIGTH DEFENSE

145. Defendant is not liable to Plaintiff for discrimination or retaliation because Defendant exercised reasonable care to prevent and correct such behavior and Plaintiff

unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant and otherwise failed to avoid harm.

## CONCLUSION

**WHEREFORE,** Defendant demands judgment dismissing the Complaint in its entirety and denying the relief requested therein, and awarding such other relief as this Court may deem just and proper.

Dated:  New York, New York
February 4, 2020

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 2-117
New York, New York 10007
(212) 356-3177
cturpin@law.nyc.gov

By: /s/ _____
Christopher Turpin
Assistant Corporation Counsel

**VIA ECF**
TO: Derek Smith Law Group, PLLC
*Attorneys for Plaintiff Joseph Franco*
One Penn Plaza, Suite 4905
New York, NY 10119
212-587-0760